### R. HOE & CO. v. UNITED STATES.

'(Circuit Court, S. D. New York. June 5, 1905.)

#### No. 3,773.

CUSTOMS DUTIES—CLASSIFICATION—PATTERNS FOR MACHINERY—MOLDERS' PATTERNS.

The provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 616, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685], for "models of inventions and of other improvements in the arts, including patterns for machinery," is not limited to the class of patterns known as "model patterns," intended to show the working of the thing illustrated, but includes also molders' patterns, which are used as models about which to form sand molds in in which castings may be made and which are fitted for successive use in that way.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision here reviewed (G. A. 5,889, T. D. 25,942) affirmed the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

W. Wickham Smith, Sp. Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question consists of articles made of wood, known as "patterns." They are of the class known as "molders' patterns," which are intended to be placed in sand in order to form the matrix in which the molten metal is cast; such castings constituting in this case portions of a printing press. They were assessed for duty as manufactures of wood not specially provided for, under Act July 24, 1897, c. 11, Schedule D, par. 208, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647], and are claimed to be free under paragraph 616 of said act, which reads as follows:

"Models of inventions and of other improvements in the arts, including patterns for machinery, but no article shall be deemed a model or pattern which can be fitted for use otherwise." 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685].

The government contends that the word "patterns" as thus used is confined to the class of patterns known as "model patterns," of the same size as the blue print or drawing from which they are made, and which are patterns of an inventor's idea, gotten up for him in order to show the working of the invention, and generally incapable of use for any other purpose, and that the word "including," preceding "patterns for machinery," was intended to operate as a limitation to patterns ejusdem generis with models of inventions, etc. The government further contends that the addition of the word "otherwise" at the end of the paragraph of the law of 1890 and of the present law was intended to emphasize the limitation to the class of patterns to be used as models. The government further relies upon the fact that molders' patterns, such as those here in question, are fitted for successive use in making castings, and are therefore in the nature of tools of trade, constantly worn out and replaced, and that, as the manufacture of such patterns is a large industry in this country, it could not have been the intention of Congress to permit such articles to come in free, when the material of which they are composed would be taxable.

Counsel for the importers contends that the word "patterns," as used in said paragraph, covers both classes of patterns. The dictionary definitions specifically include under the word "patterns" such molders' patterns as models about which to form a sand mold in which a casting may be made. Counsel for the importers further contends that the word "patterns" should not be limited to a model pattern, because it is not so limited in the paragraph, and because the use of the words "model or pattern" in the closing clause shows that Congress did not intend to confine the exemption to model patterns, which would have been included under the word "model," but to extend it to the general class of patterns, which would not be so included, provided they are fitted for use only as patterns.

There is much force in the contention of counsel for the government, and the question is one as to which I feel great doubt. I feel

it to be my duty to resolve said doubt in favor of the importer, and I therefore conclude that as no commercial designation has been shown which confines the word "patterns" to any particular class, and as the ordinary use of patterns is for making parts of machinery in the way these patterns are used, and as it appears from the testimony that model patterns are more strictly patterns of machinery, rather than patterns for machinery, these articles are patterns for machinery, and cannot be fitted for use otherwise.

The decision of the Board of General Appraisers is therefore reversed.